UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LANCE MCDERMOTT,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0752-13-0633-C-1

DATE:  April 25, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Lance McDermott, Seattle, Washington, pro se.

Steven B. Schwartzman, Esquire, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which granted his petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, referring the petition for enforcement to the Board's Office of General Counsel for additional processing and issuance of a final decision. *See* 5 C.F.R. § 1201.183(c).

## BACKGROUND

¶2 At the time relevant to the appellant's initial appeal, he was employed with the agency as a maintenance mechanic. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1, Initial Appeal File (IAF), Tab 8 at 38. Following his appeal of the agency's May 30, 2013 decision to place him on enforced leave, on April 28, 2015, an administrative judge issued an initial decision sustaining the charge and the imposition of enforced leave, denying the appellant's affirmative defenses, and modifying the period of enforced leave. IAF, Tab 52, Initial Decision (ID) at 9-26. Specifically, the initial decision ordered the agency to, among other things, commence the enforced leave action on June 7, 2013; to restore the annual leave the appellant used during the period of May 30 to June 7, 2013; and to pay the appellant for the appropriate amount of backpay, if any, with interest, no later than 60 calendar days after the date the initial decision became final. ID at 25.

¶3 The appellant filed a petition for review, and, following a remand order from the Board concerning certain unaddressed affirmative defenses, *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1,

Remand Order (Oct. 13, 2015), the administrative judge issued a remand initial decision, which denied the affirmative defenses at issue, *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-B-1, Remand Initial Decision (Feb. 12, 2016) (RID); Remand File (RF), Tab 36. That decision became the final decision of the Board on the merits of the appellant's enforced leave appeal after his petition for review was denied as untimely filed without good cause shown. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-B-1, Final Order at 1, 5 (Jan. 19, 2023). Accordingly, the administrative judge's original orders concerning the modified commencement date of the enforced leave, the restoration of the appellant's annual leave, and the issuance of any relevant backpay with interest remained intact.

¶4      In the time between the April 28, 2015 initial decision and the time the remand initial decision became final, the appellant retired. His last day in a pay status with the agency was December 10, 2019. Thus, as of that date, he became entitled to the value of his restored leave through the issuance of backpay.

¶5      On January 19, 2023, the appellant filed a petition for enforcement with the Board. *McDermott v. U.S. Postal Service*, SF-0752-13-0633-C-1, Compliance File (CF), Tab 1. In his petition for enforcement, he argued that the agency was not in compliance with the administrative judge's April 28, 2015 orders because it did not: (1) pay him 30 days of back pay; (2) restore his 8 days' worth of annual leave; (3) place him on enforced leave consistent with agency and Office of Personnel Management (OPM) regulations; or (4) give him written notice that it had fully complied with the Board's order. CF, Tab 1 at 5, Tab 6 at 6-7. After developing the record, the administrative judge issued a compliance initial decision[2] finding that the agency is obligated to restore and pay the appellant for the 8-day annual leave period "as an undisputed amount." CF, Tab 18, Compliance Initial Decision (CID) at 5-7. He considered the agency's argument

_____

[2] Because the administrative judge who issued the original and remand initial decisions retired, a different administrative judge issued the compliance initial decision.

that the appellant refused to complete the requisite forms necessary for it to process the annual leave restoration and backpay amount, but he explained that the agency's compliance was "not contingent" upon the appellant completing the relevant forms. CID at 5. He concluded that the agency failed to comply with the Board's order to restore the appellant's annual leave for the period of May 30 to June 7, 2013, and to pay the appellant for the appropriate amount of backpay, if any, with interest, as ordered in the Board's April 28, 2015 initial decision. CID at 7. Accordingly, he granted the appellant's petition for enforcement. Additionally, he again ordered the agency to provide evidence that it complied with the order and to provide a narrative explanation of how it arrived at its calculations, with an accounting of any deductions and any other adjustments. CID at 7-8.

¶6    Consistent with Board practice, and as explained in the Office of the Clerk of the Board's June 8, 2023 order acknowledging the administrative judge's finding of noncompliance, the finding of noncompliance was assigned a new docket number, MSPB Docket No. SF-0752-13-0633-X-1. *McDermott v. U.S. Postal Service,* MSPB Docket No. SF-0752-13-0633-X-1, Compliance Referral File (CRF), Tab 2. Evidence and argument regarding the finding of noncompliance as it relates to the agency's duty to comply are properly filed under that docket number. Arguments regarding the scope of the administrative judge's finding of noncompliance and other arguments raised by the appellant on review retain the SF-0752-13-0633-C-1 docket number.

¶7    The appellant has filed a petition for review purporting to challenge the compliance initial decision. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-C-1, Compliance Petition for Review (CPFR) File, Tab 2. He also states that he has new evidence that will demonstrate error in the Board's initial and final decisions regarding the merits of the enforced leave action. *Id*. at 5-8, 19; CPFR File, Tab 3. Additionally, the appellant requests that the Board join the instant compliance proceeding with his other appeals concerning his

December 2019 separation from the agency. CPFR File, Tab 2 at 5. The agency has responded to the appellant's petition for review, to which the appellant has replied. CPFR File, Tabs 5-6.[3]

¶8    Around the same time as the appellant's petition for review, the agency filed a statement with the Board asserting that, by letters dated May 24, 2023, and June 7, 2023, it sent the appellant checks representing backpay and interest, respectively, and that it is therefore compliant with the Board's orders. CRF, Tab 1 at 4. The instant order concerns only the C-1 docket, which includes the compliance initial decision and the appellant's petition for review thereof.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9    The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). Here, the parties do not dispute, and we otherwise agree with the administrative judge, that, as of the date of the issuance of the compliance initial decision, the agency did not demonstrate that it complied with the Board's April 28, 2015 order to restore the appellant's annual leave and pay him any relevant backpay with interest. Accordingly, we do not disturb that administrative judge's finding in this regard.

---

[3] In the agency's response to the appellant's petition for review, it asserts that the appellant's filing of a petition for review and a supplemental pleading motioning for leave to submit new evidence is improper because it was meant to circumvent the page length limitation set forth in a June 9, 2023 notice from the Office of the Clerk of the Board and the Board's regulations. CPFR File, Tab 5. We discern no impropriety in the appellant's filing of a petition for review and motion to file new evidence and find those filings to be consistent with the Board's regulations. *See* 5 C.F.R. § 1201.114(h) (providing that a petition for review is limited to 30 pages or 7500 words, whichever is less); *see* 5 C.F.R. § 1201.114(a)(5) (explaining that any pleading other than a petition for review, cross petition for review, response to a petition for review, and reply to a response to a petition for review, will not be accepted unless the party files a motion with and obtains leave form the Clerk of the Board). Regarding the appellant's motion to file new evidence, he has not shown the need for such evidence in this compliance proceeding, and, accordingly, his motion is denied. *See* 5 C.F.R. § 1201.114(a)(5).

¶10　　　In his compliance petition for review, the appellant primarily discusses the Board's initial and final decisions concerning the underlying merits of his appeal and the agency's purported improper actions.[4]  CPFR, File 2.  The Board usually will not consider new evidence and argument regarding the merits of a case during a compliance proceeding, and we decline to do so here.  *See, e.g.*, *Senyszyn v. Department of the Treasury*, 110 M.S.P.R. 437, ¶ 2 n.* (2009)); *Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 13 (2008).

¶11　　　To the extent the appellant's petition for review challenges any aspect of the compliance initial decision, his challenges are without merit.  For example, the appellant appears to assert that the administrative judge did not consider all of his allegations of noncompliance, such as his claim that the agency failed to provide a statement of compliance as ordered in the April 28, 2015 initial decision on the merits.  CPFR File, Tab 2 at 5-6.  However, the agency could only make such a statement if it believed it was in compliance.  Given its argument below that the appellant refused to complete the requisite forms necessary for the issuance of backpay, the agency was presumably aware that it was not in compliance with the Board's order.[5]  We find that the compliance initial decision appropriately addressed the only order at issue in these proceedings:  the restoration of the appellant's annual leave for the relevant time period and any related backpay with interest.  The appellant's petition for review does not provide any basis to disturb the compliance initial decision.

---

[4] The appellant also discusses his December 2019 separation from the agency, which is not at issue in these compliance proceedings.  CPFR File, Tab 2.  As such, we do not address those arguments here.

[5] In any event, the administrative judge's failure to make a specific finding regarding the agency's failure to provide a statement of compliance did not prejudice the appellant's substantive rights, as the administrative judge found the agency in noncompliance and the noncompliance is being referred to the Board's Office of General Counsel to obtain compliance.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

**We deny the appellant's request to join the instant appeal with other Board appeals.**

¶12    The appellant renews his request to join the instant compliance matter with two other appeals relating to his December 2019 separation from the agency that were pending at the time, *McDermott v. U.S. Postal Service*, MSPB Docket Nos. SF-0752-20-0705-I-1, an involuntary disability retirement appeal, and SF-0353-21-0159-I-1, a denial of restoration appeal. CPFR File, Tab 2 at 5. Below, the administrative judge denied the appellant's request as "not appropriate." CF, Tab 15 at 1. We also conclude that joinder is not appropriate here. We have since issued final decisions in those other matters. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0353-21-0159-I-1, Final Order (Apr. 17, 2024); *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-20-0705-I-1, Final Order (Feb. 29, 2024). Thus, they are no longer pending before the Board. Accordingly, we deny the appellant's joinder request as moot.

**We refer the administrative judge's finding of noncompliance to the Board's Office of General Counsel.**

¶13    As briefly explained above, following the administrative judge's May 9, 2023 compliance initial decision finding the agency not in compliance, the agency filed a statement with the Board on June 7, 2023, asserting that it sent the appellant checks representing backpay and interest and that it is therefore compliant with the Board's orders. CRF, Tab 1 at 4. With this statement of compliance, the agency included copies of the two letters it sent to the appellant informing him that it issued him checks for the backpay and interest, photocopies of the checks, and a copy of a backpay computation summary report demonstrating how the interest was calculated. *Id.* at 6-11. In response, the appellant has asserted, among other things, that the agency calculated the back pay incorrectly, stating that the agency's explanation of how it arrived at the hours of restored annual leave "is not based on any of the [a]gency's or OPM's [l]eave [r]estoration regulations or the official record." CRF, Tab 3 at 7-8.

Specifically, he asserts he was entitled to 72 hours of restored annual leave, as opposed to the 45.5 hours of annual leave restored by the agency. *Id*.

¶14      An agency's assertion of compliance must be supported by relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Cuevas v. U.S. Postal Service*, 90 M.S.P.R. 391, ¶ 5 (2001). We have reviewed the documents submitted by the agency and are unable to determine based on the present record whether the appellant's backpay and interest award is correct and whether the agency is therefore compliant with the Board's order. Notably, the agency's documentation does not include evidence, such as time and attendance records, showing how much annual leave the appellant took between May 30 and June 7, 2013, that he was entitled to have restored. Further, neither the agency's statement of compliance, nor its documentation in support thereof, provides an explanation of the rate of pay it used to convert the appellant's restored annual leave to a monetary amount. Accordingly, we refer the compliance matter to the Board's Office of General Counsel for the agency to submit additional evidence regarding its compliance. Given the nature of the appellant's arguments in response to the agency's statement of compliance, sufficient evidence of compliance should include the relevant time and attendance records and a narrative explanation or additional documentary evidence of the calculation of backpay. *See* 5 C.F.R. § 1201.183(a)(1)(i), (a)(6) (requiring an agency to submit evidence of the relevant calculation and requiring that a narrative statement explain in detail why the evidence of compliance satisfies the requirements of the initial decision).

## ORDER

¶15      We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's

submission shall demonstrate that it properly calculated the appellant's backpay according to the appropriate amount of restored annual leave and related interest. The agency must serve all parties with copies of its submission.

¶16 The agency's submission should be filed under the docket number assigned to the compliance referral matter currently pending with the Board's Office of General Counsel, **MSPB Docket No. SF-0752-13-0633-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (http://e-appeal/mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶17 The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶18 The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(a). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶19    This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued, which shall be subject to judicial review.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.